UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

**FILED**
U.S. District Court
District of Kansas

JUL 2 9 2014

Clerk, U.S. District Court
By_____ Deputy Clerk

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR AN ORDER ) <br> AUTHORIZING THE INSTALLATION AND USE ) <br> OF A PEN REGISTER AND TRAP AND TRACE ) <br> DEVICE ON TELEPHONE NUMBER **316-882-3198** ) <br> **(TARGET TELEPHONE #4)** AND THE ) <br> DISCLOSURE OF SUBSCRIBER AND CELL SITE ) <br> INFORMATION ) | **FILED UNDER SEAL** <br><br> Case No. 14-CM-60053-EFM |

## ORDER

Comes now this matter before the Court pursuant to an Application by Assistant United States Attorney Mona Lee M. Furst and Affidavit prepared by DEA TFO Timothy A. Davis, requesting an order authorizing a pen register and a trap and trace device, pursuant to Title 18, United States Code, Sections 3122 and 3123, and requesting an order authorizing the disclosure of subscriber information and cell site information pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), for the following telephone number, (hereinafter the "**Target Telephone #4**)

b. **316-882-3198**, IMSI: 310150801204200; IMEI/ESN: 355375051683024

(**Target Telephone #4**); a cellular telephone issued by AT&T subscribed to Mario BERTRAN, 1217 South Water, Wichita, Kansas, which is being utilized by Mario LNU.

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

1. Applicant, Assistant United States Attorney Mona Lee M. Furst Furst, is an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore authorized to make application for the installation and use of pen registers and trap and trace devices pursuant to Title 18, United States Code, Section 3122.

2.     Pursuant to Title 18, United States Code, Section 3123, Applicant has certified that the information likely to be obtained by the installation and use of pen registers and trap and trace devices is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration (DEA) into possible violations of Title 21, United States Code, Sections 841 and 846 by Mario LNU, and others.  After reviewing the Application from the government and Affidavit from TFO Timothy A. Davis, this Court finds that the government has set forth specific and articulable facts showing that there is probable cause and reasonable grounds to believe that crimes have been committed and that the information requested, and hereby ordered, is relevant and material to an ongoing investigation by the Drug Enforcement Administration on the specified offenses.

3.     Pursuant to Title 18, United States Code, Section 3127(3), a pen register device may be installed to record "post cut-through digits" that constitute "dialing, routing, addressing or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted," such post-cut through digits to include any calling card number and final destination phone number entered after a customer has connected to his/her long-distance carrier's toll-free number (e.g. 1-800-CALL-ATT);

4.     Under Title 18, United States Code, Section 3121(c), Applicant does not seek post cut-through digits that are unrelated to processing or transmitting a communication to its termination point; however, the government represents that it would reasonably restrict "the recording or decoding of electronic or other impulses . . . so as not to include the contents of any wire or electronic communication" created by dialing some "post cut-through digits," to include a text message or the contents of a communication, as well as a password, credit card number or other number dialed to access information or make purchases;

5.     Pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), Applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that cell site information for the **Target Telephone #4**, and subscriber information related to the dialing, routing, addressing, and signaling information to and from

2

**Target Telephone #4**, is relevant and material to an ongoing criminal investigation into the offenses described above;

6.      THEREFORE IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 3123, that for a period of sixty (60) days and without geographical limitation, Agents of DEA may:

  a. install, or cause to be installed, and use a pen register to record dialing, routing, addressing, or signaling information (including Direct Connect features) of any communication originating from the **Target Telephone #4**, including "post-cut-through digits" used to process and transmit a communication to its termination point, along with the date and time of the communication, and the length of time the telephone receiver in question is off the hook for incoming or outgoing calls;

  b. install, or cause to be installed, and use a trap and trace device (including but not limited to a caller identification system OR utilizing a caller identification feature known by trade name "Caller ID Deluxe") to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of calls directed to **Target Telephone #4**;

  c. pursuant to Title 18, United States Code, Section 3123(b)(1)(C), install, or cause to be installed, and use a pen register and trap and trace device on any changed telephone number subsequently assigned to an instrument bearing the same the **Target Telephone #4**, or any changed ESN/IMSI/SIM subsequently assigned to the same telephone number as the **Target Telephone #4**, or any additional changed telephone number(s) and/or ESN/IMSI/SIM, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Telephone Number within the 60-day period authorized by this Order.

7.      IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3121(c), that DEA shall use or cause to be used any technology reasonably available to it to restrict "the

recording or decoding of electronic or other impulses to the dialing, routing, addressing, or signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications," and the government shall not use any post cut-through digits that are unrelated to processing or transmitting a communication to its termination point.

8. IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 3123(a)(1) and 3123(b)(2), upon service of this Court Order, that any local, long distance, or wireless telephone carrier, and any other person or entity providing electronic or wire communication service in the United States whose assistance may facilitate execution of the requested court Order (hereinafter any "service provider") shall furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device, with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

    a. For the purposes of this order, "service provider" shall include, but not be limited to: Comcast, Cox Communications, T-Mobile, Cricket Communications, All-Tel, Sprint/Nextel, Airtouch Cellular, Qwest, Qwest Wireless, American Telephone and Telegraph (AT&T), AT&T Wireless, Cingular Wireless, American Wireless, Ameritech, GTE, Nextel, New York NEX, CellCo Partnership DBA Verizon Wireless, Voicestream, Pacific Bell, Virgin Mobile USA, MCI, Southwestern Bell, SBC, PageNet, Mobile Radio Communications, Mobile Com, MetroPCS, Page Mart;

9. IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), that a service provider shall supply to DEA subscriber information (including the names and addresses, whether listed or unlisted, billing information, periods of telephone activation, ESN/IMSI/SIM, and associated telephone numbers) related to the dialing, routing, addressing, or signaling information captured by the pen register or trap and trace devices on the **Target Telephone #4**;

10.     IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), that a service provider shall supply to DEA cell site location information related to a **Target Telephone #4**, at the origination of a call (for outbound calling), the termination of a call (for incoming calls), and if reasonably available, during a call; and that the service provider shall supply DEA with cell site information related to the origination telephone (inbound calling) or the termination telephone (outbound calling). Specifically, the service provider shall provide: a. Information regarding cell site location consisting of the tower receiving transmissions from the **Target Telephone #4** (and any available information on the specific portion of that tower that is receiving such transmissions); and b. Tower information that is tied to a particular call made or received by the user of the **Target Telephone #4.**

11.     IT IS FURTHER ORDERED, that upon request by an agent of DEA, AT&T shall notify that agent of any and all changes (including additions, deletions, and transfers) in service regarding the **Target Telephone #4** described above, to include the telephone numbers and subscriber information (published, non-published, and unlisted) associated with these changes;

12.     IT IS FURTHER ORDERED, that AT&T, and other service providers, shall furnish the results of the pen register and trap and trace installations, as well as requested cell site and subscriber information, to Agents of DEA as soon as practicable twenty four (24) hours a day for the duration of the Order;

13.     IT IS FURTHER ORDERED, that AT&T, and other service providers, shall provide call detail records, to include incoming and outgoing calls and corresponding cell site data, for a period of up to 14 days prior to the date of this order.

14.     IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that a service provider shall furnish agents of DEA forthwith, all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace devices unobtrusively and with minimum interference to the services that are accorded persons with respect to whom the installation and use is to take place; and

15.     Good cause having been shown, IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 2705(b) and 3123(d), that this Order and the government's Application shall be sealed until otherwise ordered by the Court, and that all service providers, their representatives, agents and employees, shall not disclose in any manner, to subscribers or to any other person, the existence of the Court's Order in any form, the existence of the pen register or trap and trace devices, or the existence of the government's underlying investigation, unless otherwise ordered by this Court.

Dated this 29TH day of July, 2014.

*Karen M. Humphreys*
HONORABLE KAREN M. HUMPHREYS
United States Magistrate Judge
District of Kansas